

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Newell Cameron
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. O-7129

Re: Authority of the Commis-
sioners' Court under the
terms of the election in
question to levy a special
tax for road and bridge
purposes on property
located in only one
precinct.

Your letter of recent date requesting an opinion from this department on the above subject matter is as follows:

"I am enclosing herewith excerpts from the Minutes of the Commissioners' Courts of Hopkins County concerning an election held in the year 1913 to authorize a special 15¢ levy for road and bridge purposes in Hopkins County.

"The question which I would like for you to answer is this: Can the Commissioners' Court make a levy under the terms of this election on property situated within one of the Commissioners' precincts and not on property in the other three precincts, or must the levy be made on all property within the entire county if it be made at all?"

The election referred to in your request was a county-wide election authorizing the Commissioners' Court to levy, assess and collect annually a special road tax of and at the rate of fifteen cents on the $100.00 valuation of taxable property in the county.

Article VIII, Section 9 of our State Constitution, is in part as follows:

"No county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, . . . and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of public roads: Provided, that a majority of the qualified property tax paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws."

Article 6790, Vernon's Annotated Civil Statutes, is in part as follows:

"The commissioners' court shall order an election upon presentation to it at any regular session of a petition signed by two hundred qualified voters and property tax payers of the county, or a petition of fifty persons so qualified in any political subdivision or defined district of the county, requesting said court to order an election to determine whether said court shall levy upon the property within said territory a road tax not to exceed fifteen cents on the one hundred dollars worth of property, under the provisions of the amendment of 1889 to the Constitution of the State of Texas, adopted in 1890... . ."

In the case of Commissioners' Court of Navarro County et al v. Pinkston et al, 295 S. W. 271 (writ refused), the court construing the above quoted constitutional and statutory provisions states the following:

"By the above the Legislature is only empowered to authorize an additional ad valorem tax to be levied for the purpose of maintaining public roads by a majority vote of the qualified property tax paying voters of the county for the purpose of maintaining

Mr. Newell Cambron, page 3

public roads of the county, and not of any subdivision thereof. <u>The measure authorized was one for the benefit of the entire county, and to be voted on by the property tax paying voters of the entire county, at an election to be held for that purpose.</u> The language clearly excludes the levying of the tax therein provided for by any other vote than that of the entire county and not for local but for county-wide purposes, and prohibits such tax so authorized from exceeding 15 cents on the $100 valuation of the property subject to taxation in the county. . .

". . .Said article only deals with and confers authority under certain proceedings required to be had to levy <u>upon the property within the territory therein defined,</u> a road tax not to exceed 15 cents on the $100 worth of property being merely a maintenance tax . . ." (emphasis ours)

Therefore, it is our opinion that the Commissioners' Court is not authorized to make a levy under the terms of the election under consideration on property situated within one precinct and not on property situated within the other precincts, but on the contrary the levy must be made on all property within the entire county if it be made at all.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY *J. C. Davis, Jr.*
J. C. Davis, Jr.
Assistant

BY *John Reeves*
John Reeves

APPROVED MAR 13 1946

FIRST ASSISTANT
ATTORNEY GENERAL

JCD:bw:LJ

